IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ERVIN ZIMMERMAN | : | CIVIL ACTION |
|  | : | NO. 08-3811 |
| v. | : |  |
|  | : |  |
| DENNIS C. WOLFF, IN HIS OFFICIAL | : |  |
| CAPACITY AS SECRETARY OF THE | : |  |
| PENNSYLVANIA DEPARTMENT OF | : |  |
| AGRICULTURE | : |  |
|  | : |  |

O'Neill, J.                                                                    December   18, 2008

MEMORANDUM

Plaintiff Ervin Zimmerman initiated this action against defendant Dennis C. Wolff in his official capacity as Secretary of the Pennsylvania Department of Agriculture on August 12, 2008 asking the Court to enjoin defendant from seizing plaintiff's dogs and from preventing him from operating his dog kennel under his federal license.  He simultaneously filed a motion for a temporary restraining order and a preliminary injunction.  This case was reassigned from the Honorable Thomas M. Golden to this Court on August 14, 2008.  The parties have responded to my Order of August 20, 2008 to brief the Court on jurisdiction and on the merits of the motion for a preliminary injunction and the temporary restraining order.  I stayed a decision on these issues pending a decision in the Pennsylvania Court of Common Pleas of Lancaster County, Pennsylvania Department of Agriculture vs. Ervin S. Zimmerman, docket number CI-08-08689, on the status of plaintiff's Pennsylvania kennel license.  On December 2, 2008, the Pennsylvania Commonwealth Court entered an Order denying plaintiff's November 14, 2008 application for a stay requesting that that Court stay the case pending in Lancaster County.  On December 5, 2005,

the Lancaster County Court entered an order granting defendant's petition for an injunction which enjoins plaintiff from operating a dog kennel within the Commonwealth of Pennsylvania without a valid kennel license issued by defendant.  As the parties have waived a hearing on these issues, I will make a determination on plaintiffs' motion for an injunction and a restraining order and defendant's unanswered motion to dismiss upon the papers presently before me.

BACKGROUND

The following facts are derived from the joint stipulations of facts provided by the parties. Plaintiff who sells and transfers dogs in interstate commerce has been licensed by the United States Department of Agriculture ("USDA") as a licensed Class A Breeder under the Federal Animal Welfare Act, 7 U.S.C. §2131, et seq. ("AWA"), from approximately 1991 through the current date.  From approximately 1991 through 2007, the Pennsylvania Department of Agriculture annually issued plaintiff a Pennsylvania K5 Dog Kennel License pursuant to the Pennsylvania Dog Law, 3 P.S. §459-101 et seq.

In January 2008, pursuant to the Pennsylvania Dog Law at 3 P.S. §459-211(a), the Pennsylvania Department of Agriculture's Bureau of Dog Law Enforcement denied plaintiff's application for a 2008 license because of convictions under the Pennsylvania Dog Law; convictions under the Pennsylvania Cruelty to Animals Law, 18 Pa. C.S. §5511(c)(1), and for failure to comply with the Pennsylvania Dog Law.

Specifically, on May 30, 2008, in a trial de novo in the Lancaster County Court of Common Pleas plaintiff was found guilty of ten charges of cruelty to animals resulting from a November 2007 inspection of his kennel; four charges of Pennsylvania Dog Law violations; and one charge under the Pennsylvania Rabies Act for failure to keep adequate records.  These

convictions are on appeal to the Pennsylvania Superior Court.

The Bureau inspected plaintiff's kennel in February and March 2008 and issued citations for violations of the Pennsylvania Dog Law and the Pennsylvania Cruelty to Animal Law. The Bureau re-inspected plaintiff's kennel several times since March 25, 2008. The kennel satisfactorily passed the inspections and the Bureau found that none of plaintiff's dogs' health, safety or welfare was endangered.

Plaintiff appealed the Bureau's denial of a 2008 license and requested a supersedeas of the refusal order pending the outcome of his administrative appeal. Defendant Wolff granted the supersedeas on February 22, 2008.

The USDA last inspected plaintiff's kennel on June 4, 2008. At that time there were 170 dogs in the kennel. The USDA inspector found that the nails of seven dogs needed to be trimmed, which plaintiff corrected during the inspection, and that a litter of dogs born April 7, 2008 was overdue for vaccination and de-worming, which plaintiff says he corrected the following day. The USDA inspector had no other written observations.

Following an administrative hearing at which plaintiff appeared and was represented by counsel, on July 25, 2008, Wolff affirmed the denial of a license and terminated the supersedeas.

On August 4, 2008, state dog wardens determined that Zimmerman continues to operate a kennel. Pursuant to the Pennsylvania Dog Law, at 3 P.S. §459-207(a), on August 6, 2008, the Department of Agriculture initiated an enforcement action before the Lancaster Court of Common Pleas to enjoin plaintiff from operating a kennel without a Pennsylvania kennel license and seeking monetary fines as provided in the Pennsylvania Dog Law.

On August 18, 2008, plaintiff filed a petition for review of Wolff's July 25 Order by the

Pennsylvania Commonwealth Court.  Plaintiff's kennel currently holds approximately 200 dogs, although that number varies.  It is a violation of the Pennsylvania Dog Law, specifically 3 P.S. §459-206(a), for an unlicensed kennel to possess an annual cumulative total of 26 or more dogs. Since plaintiff's kennel is not currently licensed under the Pennsylvania Dog Law, plaintiff is in violation of the Pennsylvania Dog Law for possessing an annual cumulative total of 26 or more dogs.

On September 15, 2008, this Court entered an order deferring a ruling on plaintiff's motion for a temporary restraining order and preliminary injunction pending disposition of a case in the Court of Common Pleas of Lancaster County, Pennsylvania known as Pennsylvania Department of Agriculture vs. Ervin S. Zimmerman, docket number CI-08-08689 ("Lancaster County case").

On October 23, 2008, plaintiff made a written request that defendant reinstate a previously issued supersedeas to permit plaintiff to continue operating a dog kennel pending final disposition of appeals he filed in the Pennsylvania Commonwealth Court and Pennsylvania Superior Court ("state court appeals").  However, on October 30, 2008, defendant denied plaintiff's request for supersedeas.

On November 14, 2008, plaintiff filed an application for stay in the Pennsylvania Commonwealth Court which requested that the Court issue an order staying the Lancaster County case and the appeal to the Commonwealth Court, pending final disposition of plaintiff's state court appeals.  On December 2, 2008, the Pennsylvania Commonwealth Court entered an order denying plaintiff's application for stay.

On December 5, 2008 the Lancaster County Court entered an order granting defendant's

-4-

petition for injunction.  Pursuant to the December 5, 2008 order, plaintiff is inter alia. enjoined

from operating a dog kennel within the Commonwealth of Pennsylvania without a valid kennel

license issued by defendant, and is required to reduce the number of dogs in his possession to

twenty-five (25) or less by December 19, 2008.

DISCUSSION

Plaintiff asserts claims pursuant to the Animal Welfare Act, 7 U.S.C. 2149, the

Commerce Clause, U.S. Const. Art. I, § 8, cl. 3, and implicitly the Supremacy Clause,  U.S.

Const. Art. VI, cl. 2.   He asks that this Court enjoin defendant from seizing plaintiff's dogs and

from preventing him from operating his dog kennel under his federal license.  Defendant argues

that plaintiff's claims fail because this Court does not have subject matter jurisdiction over the

claims as the AWA does not provide a private right of action and plaintiff did not bring his

Commerce Clause claim against defendant, a state actor, under § 1983 as required and even if he

did he does not adequately state a cause of action.

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits a court to dismiss a

complaint for lack of subject matter jurisdiction.  Fed.R.Civ.P. 12(b)(1).  There are two types of

Rule 12(b)(1) motions.  The first type, a facial attack, challenges the complaint on its face.  The

second type attacks the existence of subject matter jurisdiction in fact.  See Mortensen v. First

Fed. Sav. & Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Where a defendant has not filed an

answer to the complaint, as in the instant case, the attack on subject matter jurisdiction is

necessarily considered a facial attack.  Hurley v. Minner, 2006 WL 2789164, at *2 (D. Del. Sept.

26, 2006).  Under this type of analysis, the court must accept the allegations of the complaint as

true and draw all reasonable inferences in favor of plaintiff.  Mortensen, 549 F.2d at 891.

Dismissal for a facial challenge is "proper only when the claim 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous.'" Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1408-09 (3d Cir. 1991), quoting Bell v. Hood, 327 U.S. 678, 682 (1946)).

I.      Animal Welfare Act

Defendant argues that the AWA does not provide a private cause of action.  Though this issue has not been determined by the Court of Appeals, other courts have uniformly held that the AWA does not create a private cause of action and that Congress intended that only the Secretary of Agriculture be able to enforce the law.  See e.g., International Primate Protection League v. Institute for Behavioral Research, Inc., 799 F.2d 934, 940 (4th Cir. 1986), cert. denied, 481 U.S. 1004 (1987); Ing v. American Airlines, 2007 WL 420249, at *4 (N.D. Cal. Feb. 5, 2007); Moore v. Garner, 2005 WL 1022088, at *4 (E.D. Tex. Jan. 1, 2005); Whispering Pines Animal Kingdom, LLC v. Kinde, 2002 WL 484649, at *5  (E.D. Mich. Mar. 6, 2002); Moor-Jankowski v. Board of Trustees of New York University, 1998 WL 474084, at *10 (S.D. N.Y. Aug. 10, 1998); In Defense of Animals v. Cleveland Metroparks Zoo, 785 F. Supp. 100, 103 (N.D. Ohio 1991).

Plaintiff provides no cases to the contrary and merely argues that the AWA does not preclude a private right of action.  I agree with the overwhelming weight of authority that the AWA does not provide a private cause of action.  Therefore this Court lacks subject matter jurisdiction over plaintiff's AWA claim.

II.     Commerce Clause and Supremacy Clause

Plaintiff argues that he has a cognizable federal claim under the Commerce Clause, which

provides that "the Congress shall have power ... to regulate Commerce ... among the several states." U.S. Const. art. I, § 8, cl.3. Additionally, though plaintiff did not expressly bring a claim under the Supremacy Clause, U.S. Const. Art. VI, cl. 2, defendant asserts that plaintiff has argued preemption which must be brought under the Supremacy Clause, Gonzalez v. Raich, 545 U.S. 1, 29 (2005).

However, to bring a federal constitutional or statutory claim against a state actor, a plaintiff must bring a claim under 42 U.S.C. § 1983. Smith v. School Dist. Of Phila, 112 F. Supp.2d 417, 430 (E.D. Pa. 2000), citing Bivins v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). A cause of action arising directly under the Constitution is not cognizable where § 1983 is available as a remedy. Id.; Scott v. Reiht, 690 F. Supp. 368 (E.D. Pa. 1988). The Supreme Court has held that "held that one of the 'rights, privileges or immunities' protected by§ 1983 was the right to be free from state action that violates the dormant Commerce Clause." National Private Truck Council, Inc. v. Oklahoma Tax Com'n, 515 U.S. 582, 585 (U.S. 1995), citing Dennis v. Higgins, 498 U.S. 439, 111 S.Ct. 865, 112 L.Ed.2d 969 (1991). Additionally, even if it had been properly brought, the Supremacy Clause does not itself create an enforceable right. Golden State Transit Corp, v. City of Los Angeles, 43 U.S. 103, 107 (1989), citing Chapman v. Houston Welfare Rights Organization, 441 U.S. 600, 613 (1979). I do not have subject matter jurisdiction over constitutional claims brought against state actors directly. I will therefore deny plaintiff's motion for a temporary restraining order and a preliminary injunction and grant defendant's motion to dismiss for lack of subject matter jurisdiction.

However, I will address whether it is appropriate to grant plaintiff leave to amend his

complaint to bring the claims under § 1983.  The decision to grant or deny leave to amend a complaint is committed to the sound discretion of the district court.  <u>Coventry v. U.S. Steel Corp.</u>, 856 F.2d 514, 519 (3d Cir. 1988), <u>citing</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).  As the Supreme Court noted in <u>Foman</u>, however, the "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  <u>Id.</u>, <u>citing</u> <u>Foman</u>, 371 U.S. at 182 (citations omitted).  Absent an "apparent or declared" reason for the denial, the leave to amend "should, as the rules require, be 'freely given.'"  <u>Id.</u>, <u>citing</u> <u>Foman</u>, 371 U.S. at 182, <u>quoting</u> Fed.R.Civ.P. 15(a).  Among the reasons delineated by the <u>Foman</u> Court as sufficient to support a denial of a motion to amend are "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or the] futility of the amendments."  <u>Id.</u>, <u>citing</u> <u>Foman</u>, 371 U.S. at 182.  Here it would be futile for plaintiff to amend his complaint because even if his claims under the Commerce Clause and the Supremacy Clause were brought under § 1983, he would fail to state a claim.

Plaintiff appears to assert in his complaint that the Pennsylvania Dog Law conflicts with the AWA and therefore violates the Commerce Clause and the Supremacy Clause.  He argues that because the Pennsylvania Dog Law requires kennel owners to have a state kennel license if they own more than 25 dogs, 3 P.S. §459-206, and the AWA requires a federal license to conduct kennel operations in interstate commerce, 7 U.S.C. §2131, <u>et</u> <u>seq.</u>, the Pennsylvania Dog Law conflicts with the AWA by precluding plaintiff from exercising his federal license in interstate commerce because he has been denied a Pennsylvania kennel license.  Moreover, he alleges that,

-8-

because of this conflict, the Pennsylvania Dog Law stands as an obstacle to the free flow of

interstate commerce.  I will thus examine the likelihood of plaintiff's success on the merits to

determine whether amending his complaint to bring the claims properly would be futile.

     A.    <u>Commerce Clause</u>

The Pennsylvania Dog Law is an exercise of the state's traditional police power in

relation to domestic animals.  <u>See, e.g.</u>, <u>Nicchia v. New York</u>, 254 U.S. 228, 230-31.  This

traditional authority is preserved and expressly authorized by the AWA as 7 U.S.C. § 2143(a)(8),

the savings clause of the AWA, expressly provides for additional state regulation in this area.

"Where state or local action is specifically authorized by Congress, it is not subject to the

Commerce Clause even if it interferes with interstate commerce."  <u>White v. Mass. Council of</u>

<u>Constr. Employers, Inc.</u>, 460 U.S. 204, 213 (1983).  Thus, plaintiff would be unable to state a

claim that the Pennsylvania Dog Law violated the Commerce Clause even if his claim were

brought properly under § 1983 and he were able to show that the Pennsylvania Dog Law

interferes with interstate commerce.  <u>See also</u>  <u>Kerr v. Kimmel</u>, 740 F. Supp. 1525, 1529 (D.

Kan.1990).

Additionally, plaintiff's allegations that the Pennsylvania Dog Law has gone beyond the

express authority given to it by the AWA fail.  Plaintiff claims in his complaint that if he is "not

able to conduct interstate sales [because he is being denied a Pennsylvania kennel license under

the Pennsylvania Dog Law] there will be a substantial burden to [himself] and interstate

commerce."  There are two ways to violate the dormant Commerce Clause:  (1) facial

discrimination against interstate commerce and (2) where "the burden imposed on [interstate]

commerce is clearly excessive in relation to the putative local benefits," <u>Lebanon Farms</u>

Disposal, Inc. v. County of Lebanon, 538 F.3d 241, 248-49 (3d Cir. 2008) (citations and internal quotation marks omitted).  Plaintiff concedes that he has brought a claim only under the second prong.  While the purpose of the dormant Commerce Clause is to prevent "[s]tate and local governments [from using] their regulatory power to favor local enterprise by prohibiting patronage of out-of-state competitors or their facilities," C & A Carbone, Inc. v. Town of Clarkstown, 511 U.S. 383, 394 (1994), its "purpose ... is not to protect individual firms."  Harvey & Harvey, Inc., 68 F.3d at 798; see also Gallenthin Realty Development, Inc. v. BP Products of North America, 2005 WL 408041, at *2 (E.D. Pa.  Feb. 18, 2005), aff'd 163 Fed. Appx. 146 (3d Cir. 2006), cert. denied, 127 S. Ct. 57 (2006).

Plaintiff's claim would properly assert a burden upon interstate commerce only if he cannot participate in interstate commerce without his Pennsylvania kennel license.  Plaintiff makes no claim that this alleged conflict prevents anyone from plying his trade with a federal license.[1]  His own denial of a kennel license is not a substantial burden upon interstate commerce because the Commerce Clause is not designed to protect individuals.  Additionally, the alleged burden upon plaintiff only is not clearly excessive in relation to the following putative local benefits of the Pennsylvania Dog Law:

> regulating the keeping of dogs; providing for the licensing of dogs and kennels; providing for the protection of dogs and the detention and destruction of dogs in certain cases;

---

[1]  While plaintiff alleges that Young v. Coloma-Agaran, 340 F.3d 1053 (9th Cir. 2003) provides a precedent for a court to find a conflict between a federal license and a state license, in that case, the Ninth Circuit found that "state's refusal to issue use permits under any conditions has effectively rendered it impossible for the plaintiffs to comply with both federal and state law in order to ply their trade."  Id. at 1057.  That is not the case here.  Plaintiff has not alleged that the Pennsylvania Dog Law makes it impossible for anyone to get a Pennsylvania kennel license, therefore effectively preventing him from being able to ply his trade under their federal license. In fact, plaintiff himself held a Pennsylvania license until recently.

> regulating the sale and transportation of dogs; declaring dogs to be personal property and the subject of theft; providing for the abandonment of animals; providing for the assessment of damages done to animals; providing for payment of damages by the Commonwealth in certain cases and the liability of the owner or keeper of dogs for such damages; imposing powers and duties on certain State and local officers and employees; providing penalties; and creating a Dog Law Restricted Account.

3 P.S. § 459-101.  This is a substantial local benefit which far outweighs the burden of limiting one person by denying him a Pennsylvania license for alleged violations.

As plaintiff has alleged no facts to suggest that the operation of the Pennsylvania Dog Law excessively burdens interstate commerce, I conclude that plaintiff would be unable to state a claim under the dormant Commerce Clause.  As plaintiff's claim on the Clause would fail on the merits, it would be futile for plaintiff to amend his complaint.  Coventry, 856 F.2d at 519, citing Foman, 371 U.S. at 182.  I will therefore grant defendant's motion to dismiss.

B.      Supremacy Clause

This Court has subject matter jurisdiction to hear cases under the Supremacy Clause if plaintiff properly has asserted this claim under the Clause.  Freehold Cogeneration Associates, L.P. v. Board of Regulatory Com'rs of State of N.J., 44 F.3d 1178, 1184 (3d Cir. 1995), citing Shaw v. Delta Air Lines, Inc., 463 U.S. 85 (1983).  The doctrine of preemption is rooted in the Constitution which provides that the "Constitution, and the Laws of the United States which shall be made in Pursuance thereof ... shall be the supreme Law of the Land."  U.S. Const. art. VI, cl. 2.  This clause has been interpreted to "invalidate state laws that 'interfere with, or are contrary to,' federal law."  Kehm Oil Co. v. Texaco, Inc., 537 F.3d 290, 298 (3d Cir. 2008), quoting Gibbons v. Ogden, 22 U.S. (9 Wheat.) 1, 211 (1824).  The Supreme Court has identified three types of preemption:

(1) express preemption, which is achieved when Congress "so stat[es] in express terms" its intention to preempt state law; (2) field preemption, which is achieved when Congress legislates in a particular area in a "sufficiently comprehensive [way] to make reasonable the inference that Congress 'left no room' for supplementary state regulation;" and (3) conflict preemption, which is achieved when a state law actually conflicts with a federal law, even where Congress has not preempted all state law in that area.

Hillsborough County v. Automated Med. Labs., Inc., 471 U.S. 707, 713 (1985), quoting Rice v.

Santa Fe Elevator Corp., 331 U.S. 218, 230 (1947).  The Court of Appeals has found conflict

preemption, which plaintiff alleges here, "where state law 'stands as an obstacle to the

accomplishment and execution of the full purposes and objectives of Congress.'"  Pennsylvania

Employees Ben. Trust Fund v. Zeneca Inc., 499 F.3d 239, 247 (3d Cir. 2007), quoting Sprietsma

v. Mercury Marine, a Div. of Brunswick Corp., 537 U.S. 51, 64-65 (2002), quoting Freightliner

Corp. v. Myrick, 514 U.S. 280, 287 (1995), quoting Hines v. Davidowitz, 312 U.S. 52, 67

(1941).

Plaintiff argues that under conflict preemption the Pennsylvania Dog Law's requirement

that plaintiff hold a Pennsylvania kennel license to possess more than 25 dogs within the state is

an obstacle to the accomplishments and objectives of the AWA.  The purposes of the AWA are:

(1) to insure that animals intended . . .for use as pets are provided humane care and treatment; (2) to assure the humane treatment of animals during transportation in commerce; and (3) to protect the owners of animals from the theft of their animals by preventing the sale or use of animals which have been stolen.  The Congress further finds that it is essential to regulate, as provided in this chapter, the transportation, purchase, sale, housing, care, handling, and treatment of animals by carriers or by persons or organizations . . . holding them for sale as pets or for any such purpose or use.

7 U.S.C.A. § 2131.[2]  Plaintiff has not alleged how the state law stands as an obstacle to

---

[2]  Plaintiff references § 2131(b) as standing for the proposition that the full purposes and objectives of Congress in enacting the AWA includes protecting the free flow of interstate commerce.  However, 2131 does not have a subjection (b) and § 2131's mention of the "free flow of interstate commerce" merely focuses the attention of the AWA on animals in interstate

enforcement of the objectives of the AWA, which is essentially to protect animals and to protect owners of animals from theft.  Plaintiff claims that being denied a Pennsylvania kennel license prohibits him from practicing in interstate commerce.  The objective of the AWA is not to permit an owner to practice in interstate commerce; it is to protect the animals that are bought, sold and transported in interstate commerce.  The only purpose stated in the AWA that relates to owners is to protect them from theft in interstate commerce.  Thus, the Pennsylvania Dog Law does not conflict with the purpose of the AWA; indeed, the laws work in concert for their mutual purpose of protecting animals.

Moreover, plaintiff concedes that the AWA expressly allows state and local regulation of animals.[3]  Plaintiff alleges that the state law "is attempting to go beyond imposing additional standards and seeks to totally preclude plaintiff from acting as a federal licensee."  He has not alleged and I cannot find anything in the Pennsylvania Dog Law that precludes him from acting as a federal licensee so as to raise an issue of preemption; he merely alleges that being denied a license by the Commonwealth of Pennsylvania "totally precludes" him from using his federal license.  However, the AWA does not create an absolute right to be able to buy, sell and transport dogs in every state by virtue of having a federal license to operate in interstate commerce.

---

commerce.

[3]  For example, § 2145(b) declares that:  "The Secretary is authorized to cooperate with the officials of the various States or political subdivisions thereof in carrying out the purposes of this chapter and of any State, local, or municipal legislation or ordinance on the same subject."  7 U.S.C. § 2145(b).  In addition, § 2143(a)(8) provides that the statutory authority delegated to the Secretary of Agriculture to "promulgate standards to govern the humane handling, care, treatment, and transportation of animals by dealers, research facilities, and exhibitors," 7 U.S.C. § 2143(a)(1), "shall not prohibit any State (or a political subdivision of such State) from promulgating standards in addition to those standards promulgated by the Secretary."  7 U.S.C. § 2143(a)(8).

Additionally, the weight of authority has found that state regulations do not preempt or conflict with the AWA.  <u>See, e.g.</u>, <u>American Canine Foundation v. Sun</u>, 2007 WL 4208358, at *5 (N.D. Cal. Nov. 27, 2007), finding that the AWA did not preempt county ordinance; <u>DeHart v. Town of Austin</u>, 1993 WL 762204, at *1 (S.D. Ind. Feb. 24, 1993), <u>aff'd</u> <u>DeHart v. Town of Austin</u>, 39 F.3d 718, 722 (7th Cir. 1994), holding that the AWA does not preempt state regulation of animals, <u>Kerr</u>, 740 F. Supp. at 1529, rejecting an AWA preemption challenge to state licensing scheme for sale and breeding of dogs; noting that "Congress anticipated that states would remain active in this area of traditional state interest."

Because plaintiff's claim would fail on the merits even if he were to assert his preemption claim properly under the Supremacy Clause, it would be futile for plaintiff to amend his complaint to assert that claim.  <u>Coventry</u>, 856 F.2d at 519, <u>citing</u> <u>Foman</u>, 371 U.S. at 182.[4]  I will therefore grant defendant's motion to dismiss.

An appropriate Order follows.

_____

[4] As I will be denying plaintiff's motion for a preliminary injunction and a temporary restraining order and granting defendant's motion to dismiss on other grounds and because plaintiff has not yet had an opportunity to respond to the following arguments given the time constraints of the injunction, I will not address arguments on claim preclusion, Younger abstention, the Rooker-Feldman doctrine and mootness.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ERVIN ZIMMERMAN | : | CIVIL ACTION |
|  | : | NO. 08-3811 |
| v. | : |  |
|  | : |  |
| DENNIS C. WOLFF, IN HIS OFFICIAL | : |  |
| CAPACITY AS SECRETARY OF THE | : |  |
| PENNSYLVANIA DEPARTMENT OF | : |  |
| AGRICULTURE | : |  |

ORDER

AND NOW, this   18th   day of December 2008, after considering plaintiff's motion for a preliminary injunction and defendant's response thereto and defendant's unanswered motion to dismiss for the reasons set forth in the accompanying memorandum, plaintiffs' motion for a temporary restraining order and a preliminary injunction is DENIED and defendant's motion to dismiss is GRANTED.  The complaint is DISMISSED.

   /s/  THOMAS N. O'NEILL, JR.
THOMAS N. O'NEILL, JR., J.